# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JOHN WHATLEY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Maury County**
**No. 13006**

---

**No. M2008-01192-CCA-R3-PC - Filed January 23, 2009**

---

The Appellant, John Whatley, appeals the trial court's dismissal of his petition for post-conviction and/or habeas corpus relief. The Appellant previously filed a post-conviction petition which was decided on the merits and the claim presented in the instant petition does not warrant reopening the prior petition. Moreover, the Appellant fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ. joined.

Dale Quillen, for the Appellant.

Robert E. Cooper, Jr., Attorney General & Reporter; Mary W. Francois, Assistant Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In April 2003, the Appellant was convicted of aggravated sexual battery and sentenced to twelve years in prison. On appeal, this Court affirmed the conviction but modified the sentence to eleven years. State v. John Whatley, No. M2003-01773-CCA-R3-CD, 2004 WL 2964710 (Tenn. Crim. App., Dec. 22, 2004), perm. to app. denied, (Tenn., May 9, 2005). The Appellant filed a post-conviction petition on July 15, 2005. Following the appointment of counsel and an evidentiary hearing, the trial court denied relief. On appeal, this Court affirmed that denial. John Whatley v. State, No. M2006-00250-CCA-R3-PC, 2007 WL 189463 (Tenn. Crim. App., Jan. 22, 2007). On April 23, 2008, the Appellant filed the instant petition seeking post-conviction and/or habeas corpus relief. The Appellant alleges that his sentence was imposed in violation of his constitutional rights, relying specifically upon the Tennessee Supreme Court's opinion in State v. Gomez, 239 S.W.3d 733 (2007). The trial court disagreed and dismissed the petition without a hearing. The Appellant

appealed, and the State has filed a motion to affirm pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, the State's motion is granted.

The Post-Conviction Procedure Act contemplates the filing of only one petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(c). The Act directs trial courts to summarily dismiss any subsequent petitions when a prior petition was resolved on its merits. Id. Because the Appellant in this case received a full hearing and appeal on his initial petition, the trial court properly dismissed the petition in this respect.

Although the Act also provides a means for reopening previously filed petitions, the types of claims which may be raised in a motion to reopen are limited. See Tenn. Code. Ann. § 40-30-117. Relief will only be granted in a motion to reopen if the claim presented is based upon a final ruling of an appellate court establishing a constitutional right not previously recognized at the time of trial, if retrospective application is required, if the claim is based upon new scientific evidence establishing that the appellant is actually innocent of the crime, or if the claim presented seeks relief from a sentence that was enhanced because of a previous conviction which has subsequently been invalidated. § 40-30-117(a). Furthermore, the facts underlying the claim, if true, must establish by clear and convincing evidence that the Appellant is entitled to have his conviction set aside or his sentence reduced. Id.

Despite the fact that the Appellant has not complied with the procedural requirements for seeking appellate review, § 40-30-117(c), the Appellant's claim does not entitle him to reopen his previously filed petition. The Appellant claims Gomez established a new rule of constitutional law that applies to his case. In Cunningham v. California, 549 U.S.270 (2007) the United States Supreme Court, relying upon the principles discussed in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), reaffirmed the rule, "rooted in longstanding common-law practice," that the Sixth Amendment prohibits a state's sentencing scheme from allowing a judge to enhance a sentence based on a fact, other than a prior conviction, not found by a jury or otherwise admitted by the defendant. We are aware that our supreme court recently issued its opinion on remand from the United States Supreme Court in State v. Gomez. Although the court concluded that the trial court's enhancement of the defendants' sentences on the basis of judicially determined facts violated their Sixth Amendment rights, the issue was considered through a plain error analysis on the direct appeal of the defendants' convictions. However, this Court has held that Blakely -type claims garner no relief retroactively through attacks on collateral review. See Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894 (Tenn. Crim. App., Dec. 21, 2004), perm. to app. denied, (Tenn., May 23, 2005). Similarly, the holding in Cunningham does not require retroactive application. See Billy Merle Meeks v. State, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486 (Tenn. Crim. App., Nov. 13, 2007), perm. to app. denied, (Tenn., Apr. 7, 2008). More importantly, with respect to our consideration of whether or not the trial court abused its discretion in denying any claim under the motion to reopen provision, the Gomez decision merely clarifies the rule first announced in Apprendi. Therefore, that decision cannot be considered a final ruling of an appellate court establishing a constitutional right not previously recognized at the time of trial in this case. See § 40-30-117(a).

2

Nor is the Appellant entitled to habeas corpus relief on his claim. Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated Sections 29-21-101 et seq. codify the applicable procedures for seeking such a writ. However, the grounds upon which our law provides relief are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83(Tenn. 1999). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." McLaney, 59 S.W.3d at 93. A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963). Unlike a post-conviction petition, the purpose of a habeas corpus petition is to contest a void, not merely voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

The gist of the Appellant's alternate claim for habeas corpus relief is also based upon Gomez. For the same reasons the Appellant is not entitled to reopen his post-conviction petition based upon this claim, he is likewise denied habeas corpus relief. As this Court held in Meeks, "even if Apprendi, Blakely, and Cunningham could be applied retroactively, it would render the judgment merely voidable, and not void, and therefore Petitioner's claims are not cognizable in a Tennessee state habeas corpus proceeding." Id.

For these reasons, the order of the trial court is affirmed in accordance with Rule 20.

_____
DAVID H. WELLES, JUDGE